UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. S. ORIGINALS, INC., | |
| Plaintiff, | Civil Action No. 08-CV-1945 (PKL) |
| -v- | |
| TOTES ISOTONER CORPORATION, | **JOINT DISCOVERY PLAN** |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 26(f), the parties conducted a telephone conference on May 14, 2008 to discuss various discovery issues. Jeffrey J. Wild and Sally J. Mulligan of the law firm of Lowenstein Sandler PC attended the conference on behalf of Plaintiff E. S. Originals, Inc. ("Plaintiff"), and Daniel H. Tabak of the law firm of Cohen & Gresser LLP attended the conference on behalf of Defendant Totes Isotoner Corporation ("Defendant"). During the conference, the parties agreed to submit the following joint discovery plan to the Court:

1. **Nature of the Action and Procedural Posture of the Case:**

Plaintiff and Defendant entered into an Asset Purchase Agreement dated as of October 6, 2006 (the "Agreement"). Under the Agreement, Plaintiff is entitled to receive certain earn-out payments if specific financial goals are met. In this lawsuit, Plaintiff alleges that it is being denied access to information that would allow it to determine whether it is entitled to these earn-out payments. Plaintiff has brought this action to compel Defendant to provide Plaintiff with access to its books and records so that Plaintiff can determine whether it is entitled to these earn-out payments.

On or about April 18, 2008, Defendant filed a motion to dismiss the Complaint, or in the alternative, to stay the action pending arbitration. In its motion, Defendant argues that Plaintiff failed to meet certain requirements in the Agreement that would permit it to challenge the determination that Plaintiff is not entitled to the earn-out payments, and, as a result, Plaintiff's claims are moot and this Court lacks subject matter jurisdiction. In the alternative, Defendant argues that this action should be stayed pending arbitration. In addition, Defendant contends that Plaintiff's allegations are legally deficient.

**2.** **Initial Disclosures:**

    a.    **Individuals Likely to Have Discoverable Information:** Plaintiff contends that the parties should exchange their respective lists of individuals likely to have discoverable information prior to the scheduling conference set for May 22, 2008. Defendant contends that this information need not be exchanged for the reasons set forth in defendant's pending motion to dismiss or, in the alternative, to stay this action pending arbitration.

    b.    **Documents:** Plaintiff contends that Defendant should produce *inter alia* all of the documents that are necessary for Plaintiff to verify its entitlement to the earn-out payments as detailed in Plaintiff's Complaint. Defendant contends that such documents should not be produced to Plaintiff because (1) Defendant has already provided Plaintiff with all documents to which Plaintiff is entitled under the Agreement, (2) providing Plaintiff with any additional documents would be tantamount to granting summary judgment to Plaintiff on its first cause of action, and (3) for the reasons set forth in Defendant's pending motion to dismiss or, in the alternative, for a stay pending arbitration.

    c.    **Computation of Damages:**  Plaintiff is unable to compute its damages without access to the documents it seeks in its Complaint.

    d.    **Insurance Agreements:**  Not applicable.

**3.**    **The Subjects on Which Discovery is Needed:**

The crux of Plaintiff's Complaint is that Plaintiff should be permitted to inspect Defendant's books and records so that it can properly analyze certain statements prepared by Defendant and establish its right to receive the earn-out payments.  Plaintiff contends that it is entitled to these records immediately.  Defendant argues that Plaintiff has already reviewed all the documents to which it is entitled under the Agreement, that this Court does not have jurisdiction over this action, that any dispute should be brought in arbitration, that Plaintiff's claims are without merit and that Plaintiff is not entitled to the discovery it seeks.

**4.**    **Discovery of Electronically Stored Information:**

The parties agree that a litigation hold will be put in place in order to preserve all relevant electronic information.

**5.**    **Protection of Information to be Exchanged in Discovery:**

Plaintiff believes that a protective order will be necessary to protect confidential business information that will be exchanged by the parties during discovery.  Defendant has no objection to a protective order if confidential information will be disclosed, but objects to any discovery as stated above.

**6.**    **Defendant's Motion to Dismiss:**

The parties agreed to discuss a briefing schedule relating to Defendant's pending motion to dismiss and to present a proposed briefing schedule to the Court at the scheduling conference set for May 22, 2008.

Dated: May 15, 2008

           **LOWENSTEIN SANDLER PC**
           1251 Avenue of the Americas
           New York, New York 10020
           Tel: 212.262.6700
           Fax: 212.262.7402
           *Attorneys for Plaintiff*

           By: s/Steven M. Hecht
              Steven M. Hecht, Esq.
              Jeffrey J. Wild, Esq.
              Sally J. Mulligan, Esq.


           **COHEN & GRESSER LLP**
           100 Park Avenue
           New York, New York 10017
           Tel: 212.957.7600
           Fax:  212.957.4514
           *Attorneys for Defendant*

           By: s/Daniel H. Tabak
              Daniel H. Tabak, Esq.